## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF ALABAMA

In re                                                    Case No. 13-10290-WRS
                                                         Chapter 7
TRACY R. McCAW,

       Debtor

### MEMORANDUM DECISION

This Chapter 7 case came before the Court for hearing on April 9, 2013, on the Debtor's motion to avoid the judicial lien of Mark Henderson. The Debtor was present by counsel Rafael Gill, III and Mark Henderson was present by counsel James Edward Long. For the reasons set forth below, the Debtor's motion is DENIED.

### I. FACTS

The Debtor filed a petition in bankruptcy pursuant to Chapter 7 of the Bankruptcy Code on February 20, 2013. On February 21, 2013, the Debtor filed a motion, pursuant to 11 U.S.C. § 522(f)(1)(A), to avoid a judgment lien which she alleges Mark Henderson holds. (Doc. 13). Henderson filed a timely objection to the Debtor's motion. (Doc. 15).

It appears that Henderson holds a judgment which was entered in his favor, against the Debtor, in the amount of $1,000, by the District Court of Coffee County, Alabama, Case No. SM-2007-0069, on August 12, 2008. (Doc. 15). There is no evidence a certificate of the judgment was recorded with the judge of Probate of Crenshaw County–the Debtor's county of residence–or any other county for that matter. The Debtor filed Schedules with the Court which

report that she owns no real property. (Doc. 1). Moreover, she owns personal property which she values at $638. She claims all of her personal property as exempt on Schedule C. No objection has been filed to her claim of exemptions. Thus, it appears that all of the Debtor's personal property has properly been claimed as exempt.

## II. LAW

This is a contested matter within the meaning of Rule 9014, Fed. R. Bankr. P. As this matter arises under Title 11 and arises in a case under Title 11, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1334(b).

The Debtor's motion is made pursuant to 11 U.S.C. § 522(f)(1)(A), which provides as follows:

> the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such a lien impairs an exemption to which the debtor would have been entitled under subsection (b of this section, if such lien is–
>
> (A) a judicial lien, other than a judicial lien that secures a debt of a kind that is specified in section 523(a)(5).

11 U.S.C. § 522(f) (West 2013).

Thus, for the Debtor to prevail, she must prove:

1. That the creditor has a judicial lien which has attached to her property;

2. That the lien impairs an exemption to which she would otherwise be entitled;

3. That the lien does not secure a debt specified under § 523(a)(5).

Henderson argues that the Debtor's motion should be denied for two reasons. First, he

2

contends that his lien is not a judicial lien, within the meaning of § 523(f)(1)(A).  Second, he contends that the Debtor has not made a showing as to how his lien, judicial or otherwise, impairs any exemption to which she is entitled.  As the Court concludes that Henderson does not have a judicial lien, albeit for reasons other than as alleged, it will not reach the question of impairment.

### III.  APPLICATION OF THE LAW TO THE FACTS OF THIS CASE

Henderson contends that he has a consensual lien and not a judicial lien.  As only judicial liens may be avoided pursuant to § 522(f)(1)(A), Henderson argues that his lien should not be avoided.  The Court concludes that he is incorrect for two reasons.  First, the cases he cites do not support his contention.  Second, and more to the point, the evidence does not establish that he has a lien at all, therefore, there is nothing to avoid.

#### A.  The Cases Cited by Henderson are Inapposite

Henderson argues that he does not have a judicial lien and for that reason the Debtor may not avoid his lien pursuant to § 522(f)(1)(A).  The first case cited by Henderson is In re Bushee, 1997 WL 665543 (Bankr. D.R.I.)(Order entered Oct. 7, 1997).  In Bushee, the Bankruptcy Court denied a § 522(f) motion, concluding that the lien in question was a consensual security interest which arose from a settlement agreement.  Id.  Therefore, it was not a judicial lien and for that reason could not be avoided under § 522(a)(1)(A).  Id.  Henderson has not submitted any evidence showing that he was granted a consensual security interest.  A grant of a security interest must be

3

in writing and sufficiently definite to give rise to a security interest. There is a total failure of proof here. All Henderson has shown is that he was granted a money judgment, by consent. Henderson's money judgment is not a security agreement which would give rise to a security interest. For that reason, Bushee is inapposite here.

Henderson also cites In re Trobaugh, 330 B.R. 559 (Bankr. W.D. Ky. 2005), in support of this proposition. In Trobaugh, the debtors and the bank agreed that the bank would take a security interest in their residence to forbear repossession of their pickup truck. The agreement was made in connection with an agreed judgment. One may distinguish the facts of the case at bar from Trobaugh in the same manner as was done in Bushee. In both cases cited by Henderson, a security interest was granted in connection with a settlement agreement which involved an agreed judgment. In the case at bar, no security interest was granted in connection with the agreed judgment. Henderson overlooks the fact that he did not bargain for a security interest when he entered into his agreement with the Debtor for a money judgment against her.

While Henderson's legal argument lacks merit, the Court concludes that the Debtor in this case may not avoid Henderson's judgment lien for another reason. Henderson does not have a judicial lien–or any other kind of lien for that matter–therefore, there is nothing to avoid. Entry of money judgment in Alabama, by itself, does not give rise to a judicial lien. Rather, a certificate of the clerk of the court which rendered the judgment shall be filed with the judge of probate. Ala. Code § 6-9-211:

> Every judgment, a certificate of which has been filed as proved in
> Section 6-9-210, shall be a lien in the county where filed on all

> property of the defendant which is subject to levy and sale under
> execution, and such lien shall continue for 10 years after the date of such
> judgment.

ALA. CODE § 6-9-211 (West 2013). The plain language of the statute sets two conditions. First, the owner of the judgment must file a certificate in the office of the judge of probate. Second, there must be property "which is subject to levy and sale under execution."

The first issue is determinative and may be disposed of easily. Henderson has only a money judgment from the District Court for Coffee County, Alabama. As the Debtor lives in Crenshaw County, Alabama, presumably that is where the certificate should have been filed. There is no evidence that he obtained a certificate from the Clerk of the District Court for Coffee County, or that a certificate of judgment was filed with the judge of probate. Since no certificate of judgment was filed anywhere, if follows that, as a matter of Alabama law, no judicial lien ever came into existence. See, Galloway v. State of Ala. ex rel. Payne, 371 So.2d 48, 50-51 (Ala. Civ. App. 1979) (judgment lien is established upon filing certificate with probate judge); Harless v. United States, 98 F. Supp.2d 1337, 1341 (S.D. Ala. 2000) (judgment lien arises upon recordation of certificate of judgment); Memory v. Jefferson Fed. S&L Assn., (In re Fair), 28 B.R. 160, 162 (Bankr. M.D. Ala. 1983). Due to the failure to file a certificate of lien with the judge of probate in the case at bar, no judicial lien came into existence, therefore, there is nothing to avoid pursuant to § 522(f)(1)(A). Because the Court concludes that there is no judicial lien, there is no need to consider the question of impairment.

5

Case 13-10290    Doc 27    Filed 04/12/13    Entered 04/12/13 16:10:33    Desc Main
Document      Page 5 of 6

## III. CONCLUSION

The Debtor's motion to avoid Henderson's judicial lien is DENIED. While Henderson has a money judgment, a certificate of the judgment was not filed with the judge of probate and therefore, as a matter of Alabama law, no judgment lien arose.

Done this 12th day of April, 2013.

/s/ William R. Sawyer
United States Bankruptcy Judge

c: Rafael Gil III, Attorney for Debtor
   James Edward Long, Attorney for Mark & Jennifer Henderson
   William C. Carn III, Trustee